IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

AARON M. CUTSINGER                                             PETITIONER

VS.                          CASE NO. 5:18CV00304 BSM/PSH

WENDY KELLEY, DIRECTOR,
Arkansas Department of Correction                              RESPONDENT

# FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Petitioner Aaron M. Cutsinger ("Cutsinger") seeks a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Respondent Wendy Kelley ("Kelley") has submitted her response to Cutsinger's application, and Cutsinger has, at the invitation of the Court, countered Kelley's response.

Cutsinger is currently in the custody of the Arkansas Department of Correction ("ADC") following his 2016 jury trial in the Washington County Circuit Court on the charges of first-degree murder, attempted first-degree murder, and committing first-degree murder in the presence of a child. Cutsinger was convicted and sentenced to a total of 80 years' imprisonment. On direct appeal, Cutsinger argued the trial court erred in denying his motion in limine to exclude a portion

1

of a threatening text message sent to the first-degree murder victim. The Arkansas Court of Appeals agreed with Cutsinger that the portion of the text message concerning his thoughts about police ("I'm ready to kill me some cops") was not relevant and should have been excluded. However, the Court further found that any prejudice caused by the admission of this portion of the text message was slight. In view of the overwhelming evidence of Cutsinger's guilt, the trial court's error in allowing this statement to be admitted was harmless, according to the Arkansas Court of Appeals. Thus, the convictions were affirmed. *Cutsinger v. State*, 2017 Ark. App. 647.

More than ten months after the convictions were affirmed, Cutsinger filed a Rule 37 petition for postconviction relief with the trial court. In the petition, filed in October 2018, he alleged his trial attorney was ineffective for failing to object to evidence showing he stopped at stores and watched a Razorback football game after the murder occurred, for failing to "put much effort" into the case, and for failing to exclude Cutsinger's video confession. He further alleged his appellate counsel was ineffective for neglecting to communicate with him and for failing to provide a copy of the appellate opinion until February 2018. Docket entry no. 8-4. The trial court denied the Rule 37 petition, finding the mandate of the Arkansas Court of Appeals issued on December 19, 2017, started the clock on the sixty day period in which Cutsinger could file a timely Rule 37 petition. Because Cutsinger failed, by about eight months, to file a timely petition, the trial court dismissed the petition due to its lack of jurisdiction. Docket entry no. 8-6. Cutsinger did not appeal.

In his federal habeas corpus petition, Cutsinger contends:

(1) he received ineffective assistance of counsel;

(2) his conviction was obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled;

(3) his conviction was obtained by use of a coerced confession; and

(4) his conviction was obtained by violation of his privilege against self-incrimination.

Kelley contends that all of Cutsinger's claims are procedurally barred in this Court due to his failure to adequately pursue these claims in state court, as required by *Wainwright v. Sykes*, 433

U.S. 72 (1977), and its progeny. Specifically, Kelley cites Cutsinger's failure to raise his claims of ineffective assistance of counsel in a timely Rule 37 proceeding in state court. Further, Kelley contends that Cutsinger's remaining claims are procedurally barred because they were not raised at trial or on direct appeal. By prior Court Order, Cutsinger was notified of his opportunity to respond to Kelley's procedural default arguments, and he has done so. Docket entry nos. 10 & 11.

**Procedural Default Analysis**

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. l (l984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

In Cutsinger's response to Kelley's arguments, he contends his claims are not procedurally barred, and offers the following reasons why the claims should be considered:

(1) Ineffective assistance of counsel;

(2) Conviction was based upon a coerced confession, resulting in the conviction of one who is actually innocent:

(3) Ineffective assistance of counsel impeded counsel's efforts to comply with state procedural rules;

(4) Ineffective assistance of counsel for failing to object that Cutsinger's statements and confessions were obtained in violation of his right against self-incrimination;

(5) Mootness;

(6) Justification; and

(7) State procedural rules were not available to him or explained to him by his attorney.

Docket entry no. 11.

In determining if Cutsinger's arguments overcome the alleged procedural defaults, the Court will consider some of those claims in combination.

First, Cutsinger alleges four instances of ineffective assistance of counsel, outlined above as (1), (3), (4), and the last portion of (7). While Cutsinger raised ineffective assistance of trial and appellate counsel claims in his state court Rule 37 proceeding, that filing was untimely. "[A] claim of ineffective assistance of counsel must be presented to the state court as an independent claim before it may be used to establish cause for procedural default or denominated as a ground for habeas relief." *Leggins v. Lockhart*, 822 F.2d 764, 768 n.5 (8th Cir. l987). In addition to Cutsinger's failure to timely raise ineffective assistance of trial counsel in any state court forum, the allegations themselves are general in nature,[1] and do not constitute cause for Cutsinger's procedural

---

[1] Having carefully reviewed the trial transcript, the Court observes that the ample evidence against Cutsinger presented a challenge for his attorney, who performed admirably under the circumstances. The threats to the victims, the extreme violent nature of the crimes, the casual behavior of Cutsinger in the aftermath, and the confession of Cutsinger left his lawyer with limited options. *See Cutsinger v. State*, 2017 Ark. App. 647, 6 for a concise summary of the

lapse in state court.[2]

Next, Cutsinger's claims that mootness and justification constitute cause for his procedural default are without merit. Cutsinger simply lists "mootness" and "justification" in his response. These terms, without any elaboration, provide no basis for excusing Cutsinger's inaction in state court.

Cutsinger also argues that his conviction was based upon a coerced confession, resulting in the conviction of one who is actually innocent. The Court will address the actual innocence claim below. Cutsinger's claim that his confession was coerced was not raised in state court. Cutsinger fails to demonstrate his confession was coerced. And even if he could establish this, he does not show that the alleged coerced confession impeded or prevented him from raising any or all of his claims in state court.

Cutsinger's final explanation for failure to raise his claims in State court is that the State procedural rules were not available to him or explained to him by his attorney. The Court construes this explanation to pertain to his claims of ineffective assistance of counsel, since his other claims could have been raised at the trial and appellate level, where Cutsinger was represented by counsel. Since the Rule 37 proceeding is collateral and postconviction in nature, a defendant is not entitled to counsel at this stage. *Coleman v. Thompson*, 501 U.S. 722 (1991). Further, Cutsinger bore the responsibility for investigating and initiating a timely Rule 37 proceeding, and for doing so without instructions from trial counsel or the trial judge. The absence of assistance from others does not amount to an external impediment to Cutsinger. *See, e.g., Shaw v. Delo*, 971 F.2d 181 (8th Cir. 1992)

---

overwhelming evidence of Cutsinger's guilt.

[2]If we were to generously assume that cause existed for Cutsinger's failure to raise his ineffective assistance of counsel claims in a Rule 37 proceeding, we find no prejudice occurred. The trial record demonstrates no error or omission of Cutsinger's trial counsel. Further, even assuming he had performed differently (e.g., done some or all of the things Cutsinger lists in his petition, such as calling additional witnesses), there is no showing that the outcome of the trial would have changed. *See Strickland v. Washington*, 466 U.S. 668 (1984) (petitioner must demonstrate his attorney acted unreasonably *and*, but for counsel's unprofessional errors, it is reasonably probable the result of the trial would have been different). Cutsinger fails to establish either of the two prongs of *Strickland*.

(external impediment could be governmental interference or the reasonable unavailability of the claim's factual basis). Finally, the trial record reflects Cutsinger was explicitly informed by the trial judge that any complaint regarding his attorney must be made in writing no later than sixty days after the mandate from any appeal is filed. Docket entry no. 9-7, page 167. Even crediting Cutsinger's assertion that he did not know of the denial of his direct appeal until February 2018, he did not pursue Rule 37 relief until October 2018, long after sixty days expired from the mandate and from the time when he states he was notified of the appellate decision. There is no merit to the notion that Cutsinger failed to raise his claims in state court due to the unavailability of the state procedural rules or the lack of advice from the trial attorney and judge.

In summary, Cutsinger failed to raise any of his four claims for relief in state court, either at trial, on direct appeal, or in a Rule 37 proceeding. His explanations for failing to raise the claims do not rise to the level required to overcome the procedural default. As a result of the foregoing, the Court recommends that the petition be dismissed due to Cutsinger's failure to fairly present his claims in state court, and his failure to demonstrate cause and prejudice for this failure. Although Cutsinger does not explicitly raise two additional issues, the Court addresses them below.

First, the Court is mindful that *Martinez v. Ryan*, 566 U.S. 1(2012), creates a narrow equitable exception to the doctrine of procedural default. However, this exception does not apply when a petitioner fails to file a timely Rule 37 petition. This is ably explained by the United States Court of Appeals for the Third Circuit:

> The rule in *Martinez* is triggered either where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial or where appointed counsel in the initial-review collateral proceeding was ineffective. The Supreme Court was adamant that its holding in *Martinez* created a "limited" and "narrow" exception to the rule established in *Coleman.* 132 S.Ct. at 1315, 1319. Because the Court spoke only of applying its exception to an "initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel[,]" we conclude that the *Martinez* analysis is inapplicable where the criminal defendant did not initiate any state collateral review proceeding whatsoever. *Id.* at 1318. Were it otherwise, the *Martinez* rule could potentially apply to any defendant who failed to petition for state collateral review.

*Jones v. Pennsylvania Bd. of Prob. & Parole*, 492 F. App'x 242, 246–47 (3d Cir. 2012). *See also,*

*Anderson v. Koster*, 2012 WL 1898781 (W.D. Mo. 2012) (*Martinez* not applicable when the petitioner himself is at fault for not filing a postconviction petition in the first place); *Stephens v. Kelley*, 2016 WL 5868092 (E.D. Ark. 2016). This reasoning applies when a petitioner fails to file a timely Rule 37 petition. *See, e.g., Briggs v. Kelley*, 2018 WL 6497888, E.D. Ark. Nov. 15, 2018 (*Martinez* not applicable when no collateral review occurs because the petitioner simply failed to seek collateral relief in a timely fashion). In both instances, the petitioner has the burden of presenting his claims to the state court, and in both instances his inaction or tardiness deprives the state court of an opportunity to consider his allegations.[3]

A final issue must be addressed. Liberally construing his pleadings, Cutsinger may be alleging he is actually innocent. Actual innocence, adequately proved, may overcome a procedural bar and provide a path or open a gateway to consideration of claims which would otherwise be barred. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). In order to prove actual innocence, the Supreme Court sets forth the requirements:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). To succeed on this basis, the petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. Cutsinger's cursory assertion of actual innocence is without merit, as he fails to submit any new evidence of any kind. To the contrary, he reiterates the evidence adduced at trial. This falls short of satisfying the *Schlup* standard.

---

[3] Further, if Cutsinger is alleging that *Martinez* allows him to bypass the cause and prejudice requirement due to the ineffective assistance of his appellate counsel, we reject this argument. *Martinez* provides a narrow exception whereby petitioner in certain states, such as Arkansas, can avoid a procedural default of a substantial claim of ineffective assistance of *trial* counsel if the default results from ineffective assistance of counsel in the collateral, or Rule 37, proceeding. This exception explicitly does not apply to a claim of ineffective assistance of *appellate* counsel. *Davila v. Davis*, ___ U.S. ___, 137 S.Ct. 2058 (2017).

In summary, the Court recommends dismissal due to Cutsinger's procedural default. The petition should be dismissed, and the relief requested should be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this 10th day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE